IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIPE FITTERS' RETIREMENT FUND, LOCAL 597; PIPE FITTERS' WELFARE FUND, LOCAL 597; PIPE FITTERS' TRAINING FUND, LOCAL 597; CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; THE PIPE FITTERS' ASSOCIATION, LOCAL 597 U.A.; PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN; and PIPE FITTING COUNCIL OF GREATER CHICAGO,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO PIPING SYSTEMS, INC., an Illinois Corporation,<br><br>Defendant. | No. 19-cv-00907<br><br>Judge John J. Tharp, Jr.<br><br>Magistrate Judge Susan Cox |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Pipe Fitters' Retirement Fund, Local 597, Pipe Fitters' Welfare Fund, Local 597, Pipe Fitters' Training Fund, Local 597, and Pipe Fitters' Individual Account and 401(k) Plan (collectively the "Trust Funds"), Chicago Area Mechanical Contracting Industry Improvement Trust, the Pipe Fitting Council of Greater Chicago, and Pipe Fitters' Association, Local 597 U.A. ("Union") sued Defendant Chicago Piping Systems for breach of contract under ERISA, 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act, 29 U.S.C. § 186. Plaintiffs have filed a motion for summary judgment, to which Chicago Piping has failed to respond. For the reasons set forth below, Plaintiffs' motion for summary judgment is granted.

## BACKGROUND

Defendant Chicago Piping Systems ("Chicago Piping") was an Illinois-based employer engaged in an industry affecting commerce, before its dissolution. Def.'s Answer ¶¶ 7, 9, ECF No. 19. On June 12, 2012, Chicago Piping entered into a Subscription Agreement, binding it to the collective bargaining agreement ("Area Agreement") between the Union and the Mechanical Contractors Association. Ex. 1, ECF No. 1-1. These agreements, in turn, bound Chicago Piping to the Trust Agreements, which created the plaintiff Trust Funds. Pls.' Rule 56.1 Statement of Material Facts ("SMF") ¶ 14, ECF No. 30.

The Area and Trust Agreements required Chicago Piping to report each month its employees' hours within the Union's trade and territorial jurisdiction and to pay contributions to the Trust Funds based on those hours. *Id.* ¶ 15. Further, the Agreements obligated Chicago Piping to deduct union dues and 401(k) elective deferrals from its employees' paychecks and remit them to the Union and to the Pipe Fitters' Individual Account, respectively. *Id.* ¶¶ 16, 17. Under ERISA § 502(g)(2) and the Agreements, an employer who fails to timely remit monthly contribution reports and contribution payments is liable for liquidated damages and interest payments. *Id.* ¶ 19.

A payroll compliance audit revealed that Chicago Piping had failed to pay $38,392.35 in contributions and union dues to the Trust Funds and Union between September 1, 2013 and October 31, 2016. *Id.* ¶ 21. The audit also disclosed Chicago Piping's failure to pay $1,497.26 in 401(k) elective deferrals. *Id.* ¶ 22. As a result, Plaintiffs sued Chicago Piping, seeking the full amount of delinquent contributions, liquidated damages and interest for the contributions and 401(k) elective deferrals, and reasonable attorney's fees.

Since filing the complaint, Plaintiffs have collected $40,180.03 in delinquent contributions from Chicago Piping's Wage and Welfare Bond. *Id.* ¶ 24. Liquidated damages, interest, and attorney's fees, however, were not recoverable from the Wage and Welfare Bond and remain

outstanding. *Id.* ¶ 26. Specifically, Plaintiffs seek $4,365.27 in liquidated damages, $3,031.87 in interest, and $14,882.28 in attorney's fees. *Id.* ¶¶ 26, 28.

Currently pending before the Court is the Plaintiffs' motion for summary judgment, to which Chicago Piping has not responded.

## DISCUSSION

In reviewing a motion for summary judgment, the Court views all facts in the light most favorable to the non-movant. *Terrell v. American Drug Stores*, 67 Fed. Appx. 76, 77 (7th Cir. 2003). "[B]ut when a party fails to respond to a motion for summary judgment, its failure constitutes an admission that there are no disputed issues of genuine fact warranting a trial." *Id.* (internal quotation omitted). A failure to respond does not result in automatic judgment for the movant of a summary judgment motion. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Instead, "[t]he ultimate burden of persuasion remains with [the movant] to show that it is entitled to judgment as a matter of law." *Id.*

Chicago Piping has failed to respond to Plaintiffs' motion for summary judgment or to file a Statement of Material Facts under Local Rule 56.1. As a result, Plaintiffs' facts are deemed admitted. *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("[T]he penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant . . . because the movant's factual allegations are deemed admitted.")

Chicago Piping's delinquent contributions are no longer at issue because Plaintiffs have collected the amount owed from its Wage and Welfare Bond. The Court must still determine, however, whether and how much Plaintiffs are entitled to in liquidated damages, interest, and attorney's fees. Section 1132(g) of ERISA provides in relevant part:

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

    (A) the unpaid contributions,
    (B) interest on the unpaid contributions,
    (C) an amount equal to the greater of—
        (i) interest on the unpaid contributions, or
        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    (E) such other legal or equitable relief as the court deems appropriate.

Granting liquidated damages and interest under this provision is mandatory, not discretionary. *See Northwest Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996); *Central States, Southeast, and Southwest Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). The provision stipulates that these costs accompany a judgment in favor of the plan. 29 U.S.C. § 1132(g). Even if a defendant has paid the delinquent contributions prior to judgment, it remains liable for liquidated damages, interest, and attorney's fees, if the contributions were outstanding at the time plaintiffs filed suit. *Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Const. Corp.*, 258 F.3d 645, 654 (7th Cir. 2001) ("The interest and liquidated-damages provisions of ERISA apply . . . to contributions that are unpaid at the date of suit (not the date of judgment, as argued by the defendant)."); *Chicago Dist. Council of Carpenters Pension Fund v. Indus. Erectors, Inc.*, 840 F. Supp. 1248, 1253 (N.D. Ill. 1993).

Here, Chicago Piping's contributions were unpaid at the time Plaintiffs filed suit. The Area and Trust Agreements specify that an employer will be charged 10% of the delinquent contributions in liquidated damages. Ex. 2 at 12, ECF No. 1-2; Ex. 8 at 7, ECF No. 30-8. This percentage falls well below the maximum allowed per Section 1132(g) of ERISA. The Trust Agreement also provides that the employer "may be charged interest of one percent per month for each month during which such contributions remain unpaid." Ex. 8 at 7, ECF No. 30-8. To support

4

its request for damages, Plaintiffs have submitted an affidavit from the Union President and a Statement of Account. Ex. 9, ECF No. 30-9; Ex. A, ECF No. 30-9.

There is a discrepancy between the amount Plaintiffs recovered from the Wage and Welfare Bond ($40,180.03) and the amount owed in delinquent contributions and elective deferrals ($39,889.61). Plaintiffs do not provide an explanation regarding this difference. As a result, the excess $290.42 recovered applies to the amount Chicago Piping owes in outstanding liquidated damages and interest.

Further, the amount of liquidated damages requested in the Motion for Summary Judgment exceeds that of the Statement of Account by $0.20. *Compare* Mem. in Support of Mot. for Summ. J. at 4, ECF No. 29 (claiming $4,365.27 in liquidated damages) *with* Ex. A, ECF No. 30-9 (tabulating $4,365.07 in liquidated damages). Because this Court finds the Statement of Account to be the most reliable record of outstanding costs, Chicago Piping is liable for $4,365.07 in liquidated damages and $3,031.87 in interest, less $290.42, for a total of $7,106.52.

Additionally, Plaintiffs have requested $14,882.28 in attorney's fees and costs under 29 U.S.C. § 1132(g)(2)(D). The Court typically determines whether requested attorney's fees are reasonable by evaluating the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Anderson v. AB Painting and Sandblasting, Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Plaintiffs' counsel has submitted a sworn affidavit and billing report, accounting for 60.52 attorney hours at an average rate of $262.50 as well as $683.60 in costs. This sum appears reasonable in light of similar attorney's fee awards in ERISA actions. *See Bd. of Trustees of the Auto. Mechanics' Local No. 701 Union and Indus. Pension Fund v. 6516 Ogden Ave. LLC*, 170 F. Supp. 3d 1179, 1186 (N.D. Ill. 2016) (finding $12,628.75 reasonable for 35.74 attorney hours at

$257/hour); *Bd. of Trustees of the Rockford Pipe Trades Indus. Pension Fund v. Fiorenza Enterprises, Inc.,* No. 10 CV 3581, 2011 WL 1004607, at *8 (N.D. Ill. Mar. 18, 2011) (awarding $14,729.70 in attorney's fees and costs for 69.52 hours at a rate of $195, $210, or $235); *Divane v. Mitchell Sec. Systems, Inc.*, No. 07 C 0567, 2008 WL 938381, at *1 (N.D. Ill. Apr. 7, 2008) (finding an hourly billing rate of $220 - $240 reasonable in an ERISA case). Plaintiffs are therefore entitled to the requested $14,882.28 in attorney's fees and costs.

\* \* \*

Accordingly, Plaintiffs' motion for summary judgment is granted. Plaintiff is awarded $7,106.52 in liquidated damages and interest as well as $14,882.28 in attorney's fees and costs to be paid by Chicago Piping.

Dated: November 23, 2020

John J. Tharp, Jr.
United States District Judge